NO. 7942.

LEO FELDMAN

VS

MRS. M. A. SPORL, ET AL.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

By his Honor John St. Paul.

Plaintiff appeals from a judgment sustaining an exception of No Right or Cause of Action to a petition claiming a commission on the sale of certain real estate; in which he sets forth (in substance), that he was employed for a period of ninety days to sell said real estate; that after the expiration of said ninety days, he nevertheless continued his efforts to sell said property by advertising and submitting the same to prospective purchasers "with the knowledge and consent of defendant"; and did thereby succeed in interesting a purchaser, with whom (however) defendant dealt directly and to whom she sold the property "without further reference to petitioner and for the purpose of avoiding the payment of a commission on said sale".

I.

If "with the knowledge and consent of defendant", as alleged, plaintiff continued to make bona fide efforts to sell the property, and did succeed in finding a purchaser, with whom defendant dealt and to whom she sold the property as the direct result of plaintiff's efforts, we have no doubt that plaintiff is entitled to his compensation both ex aequo et bono, and because in a general way the principle of tacit reconduction applies to a contract of hiring as

well as to a lease of property. Newman vs Longshoremen's Ass'n, 11 Orleans Appeals 38; National Automatic Alarm Co vs N. O. N. E. R. R. Co, 115 La 633. Of course the question whether or not the sale of the property was the direct result of plaintiff's efforts is one of fact, to be determined when the merits are heard.

## II.

It is urged that the alleged knowledge and consent of defendant can be proved only by parol evidence; that since the matter relates to real estate, parol evidence is inadmissible; hence the plaintiff can offer no evidence to sustain his claim; wherefore his petition shows no right of action, since a right of action which cannot be proved and a right of action which do not exist, are one and the same (De non apparentibus et non existentibus eadem est lex).

But parol evidence is admissible to establish a contract to pay compensation for securing a purchaser of real estate. Houston vs Boagni, Mc Gloin 164. And the reason is that the subject matter of such contract is personalty (money compensation for services); parol evidence being inadmissible as to real estate "only where the offer of the evidence is for the purpose of affecting the title to such real estate" Bernheim vs Pessou, 143 La 609 (613);

Bellocq vs Gibert 36 An 565 (568).

As to the written instrument figuring herein, it is clearly a mere contract of employment, and not a power of attorney.

The judgment appealed from is therefore reversed, and it is now ordered that the exception of no right or cause of action be overruled and the case remanded for further trial according to law; costs of this appeal to be borne by defendant, and all other costs to await the final determination of the case.